CONTINUOUS VITALITY OF PROFESSIONAL ORGANIZATION Where a professional organization is designated under 70 O.S. 509.2 [70-509.2] (1971), during a school year by a majority of professional educators of a school district for negotiations with the Board, such designation continues and does not automatically terminate after such school year. The Attorney General has considered your request for an opinion wherein you ask, in effect, the following question: "Where a professional organization is designated during a school year as the representative of the professional educators of a school district for negotiations with a board, would such designation be effective for the succeeding school year?" Title 70 O.S. 509.2 [70-509.2] (1971), provides for recognition by a local school board of a professional organization which secures authorizations signed by a majority of professional educators designating such organization as their representative, and the subsequent election of individual bargaining representatives of the professional organization by a majority of professional educators in the district. Section 70 O.S. 509.2 [70-509.2] is silent as to when such designation terminates, and no other provision of the Oklahoma statutes provides for the termination of such designation. 51 C.J.S. Labor Relations, 215, provides that after a bargaining representative is chosen and recognized permanent status is not granted to such representative, however, there must be some measure of permanence and stability as to the choice of a bargaining representative and the status of a designated representative will continue until it is terminated in some legally effective manner. No cases on this question are reported in Oklahoma. This question, has, however, been recently decided in Liberal-NEA v. Board of Education, 505 P.2d 651 (Kan.S.Ct. 1973). In the Liberal case the school board contended that under the Kansas Collective Negotiations Act for Teachers, K.S.A.72-5413 through 72-5425, a bargaining representative for the teachers was required to petition annually for recognition and that if it failed to do so it lost its status as a bargaining representative for the teachers, and the teacher's organization contended that the status of the bargaining presentative once established through the statutory procedure continued until the Board presented it with an application of a competing organization for recognition or an application by employees in the negotiating unit to terminate such recognition and status. The Kansas statutes in question are silent as to the duration of the status of the bargaining representative, as to when and under what circumstances such status should terminate, and as to whether an exclusive bargaining representative, once having been recognized, was required to obtain recognition from the Board each year or at any other fixed interval. The Kansas Supreme Court in holding that the status of he bargaining representative did not terminate annually, stated on age 658 of the opinion as follows: "From a careful analysis of the Collective Negotiations Act when considered along with the general law which governs labor relations, we have concluded that the status of the teacher's organization as the exclusive bargaining representative continues in the absence of the recognition of a new exclusive representative or the termination of the status by some legal means. The general rule is that the employees' designation of their bargaining representative does not grant a permanent status but that such recognition continues until it is terminated in some legally effective manner. (Citations omitted) . . . We are convinced that the Collective Negotiations Act, K.S.A. 72-5413, et seq., when read in its entirety contemplates a continuing status of an exclusive bargaining representative until terminated by legal means and does not require a yearly request by such an organization for recognition." Although the Kansas Collective Negotiations Act, cited above, provides a more detailed procedure than 70 O.S. 509.1 [70-509.1] through 70 O.S. 509.10 [70-509.10] (1971), such act is, in effect, substantially the same as the Oklahoma statutes, and the construction placed on the Kansas statute by the above-cited decision would be applicable to the question presented here. It is, therefore, the opinion of the Attorney General that your question be answered as follows: Where a professional organization is designated under 70 O.S. 509.2 [70-509.2] (1971), during a school year by a majority of professional educators of a school district for negotiations with the Board, such designation continues and does not automatically terminate after such school year. (Gerald E. Weis)